IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RANDALL K. FALWELL, | ) | Case No. 12-60246 |
| | ) | |
| Debtor. | ) | |
| -------------------------------------------------------- | ) | |
| JUDY A. ROBBINS, | ) | |
| UNITED STATES TRUSTEE | ) | |
| FOR REGION FOUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 13-06__ |
| | ) | |
| RANDALL K. FALWELL, | ) | |
| | ) | |
| Defendant. | ) | |

Complaint Objecting to Discharge

Comes now Judy A. Robbins, United States Trustee for Region Four, and objects to the discharge of the debtor and, in support thereof, states as follows:

1. Plaintiff is the United States Trustee for Region Four.

2. This adversary proceeding is one arising in the bankruptcy case of Randall K. Falwell ("defendant" or "debtor"), Case No. 12-60246. The bankruptcy case was commenced by the filing on February 2, 2012 of a voluntary petition under chapter 13 of title 11. The case was converted on the debtor's motion to chapter 7 on September 5, 2012. The case is still pending before this court.

3. Andrew S. Goldstein was appointed to serve and continues to serve as the chapter 7 trustee in this case.

4. The court has jurisdiction in this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 727. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

Background

5. Prior to this case and on May 13, 2011, the defendant filed a voluntary chapter 13 petition pursuant to title 11. The case was assigned No. 11-61241.

6. On July 7, 2011, the defendant caused to be filed his Schedules and Statement of Financial Affairs which were signed under penalty of perjury.

On Schedule A, in addition to the debtor's primary residence, the debtor listed his ½ ownership interest in 5 acres of unimproved land. A value of $22,500 was attributed to the debtor's interest in this piece of real estate.

Among other things, on Schedule B, the defendant disclosed his ownership interest in FHI & Construction, LLC with a value of $0.01 and one half ownership interests in B & F Properties, Inc. with a value of $567,000.

On Schedule D, the debtor scheduled a debt owed to John Deere Credit which was secured by a 2005 John Deer 110 Backhoe. The debtor's ownership interest in the backhoe was not listed on Schedule B.

In response to Question No. 10 in the Statement of Financial Affairs, the defendant recited that there was no transfers made within the two years prior to filing other than those made in the ordinary course of business.

7. Case No. 11-61241 was dismissed on the trustee's motion on January 17, 2012.

8. On February 2, 2012, the present case was filed as a voluntary petition pursuant to chapter 13 of Title 11. On February 27, 2012, the defendant caused to be filed his Schedules and Statement of Financial Affairs which were signed under penalty of perjury.

On Schedule A, the defendant disclosed his ½ ownership interest in the 5 acres of unimproved land.

On Schedule B, the defendant disclosed his ownership interests in the John Deer backhoe, B & F Properties, Inc. and FHI & Construction, LLC.

In response to Question No. 10 in the Statement of Financial Affairs, the defendant disclosed that he sold a boat and 5th wheel camper to strangers for monies used to operate his business.

9. At the § 341 meeting conducted by Chapter 13 trustee Herbert Beskin on April 24, 2012, after having testified that he had not transferred, sold or given away any property in the past five years, the defendant testified that he transferred his ½ interest in the 5 acres of unimproved land "six months ago."

10. On the debtor's motion, the present case was converted to chapter 7 on September 5, 2012.

11. On February 21, 2013, the defendant cased to be filed Amended Schedules and Statements of Financial Affairs which were signed under penalty of perjury.

In response to Question No. 10 in the Statement of Financial Affairs, the defendant recites that he sold the 2005 John Deere Backhoe for $7,500 in February 2012 and that he sold his ½ interest in B & F Properties for $71,210 in December 2011. There is no reference in Question No. 10 to the debtor's ½ ownership interest in the 5 acres of unimproved land.

12. At the § 341 meeting of creditors conducted by chapter 7 trustee Andrew S. Goldstein on March 5, 2013, with regard to the ½ interest in 5 acres of unimproved land, the defendant's testimony varied with regard to his ½ ownership interest in the 5 acres of unimproved land. He testified first that he had given it away "a couple of years ago," then that he owned as of the date of filing of the present case, then that he gave it up a year and a half ago and finally that he transferred his interest between the two bankruptcy filings.[1]

13. The defendant also testified at the March 5, 2013 § 341 hearing that the property formerly owned by FHI & Construction, LLC was transferred into his own name during the prior bankruptcy or between his bankruptcy filings.  The defendant has attempted to claim the former assets as exempt from the claims of his creditors as "tools of the trade."

14.  At the § 341 meeting on March 5, 2013, the debtor testified that he sold the property owned by B & F Properties, Inc. in December 2011 which would have been while his first bankruptcy case was pending.

15. Finally, at the § 341 on March 5, 2013, the debtor testified that he sold the John Deere sometime during January 2012 for $7500.

For a First Cause of Action

16. The allegations contained in paragraphs 1 - 13 are incorporated herein.

17.  The plaintiff objects to the discharge of debtor pursuant to 11 U.S.C. § 727(a)(2)(A) and/or 11 U.S.C. § 727(a)(2)(B) on the grounds that the transferred his interest in the properties described above.

18.  The defendant transferred his ownership interest in real and personal property owned

---

[1] According to the GIS records for Amherst County, the property was transferred on November 7, 2011.

by him with the intent to hinder, delay or defraud the defendant's creditors.

19. In the alternative, defendant transferred ownership interest in real and personal property owned by him with the intent to hinder, delay or defraud the trustee of the estate herein.

20. The discharge of defendant should be denied under 11 U.S.C. § 727(a)(2).

For a Second Cause of Action

21. The allegations contained in paragraphs 1 – 18 are incorporated herein.

22. In the statements filed with his voluntary petition, the defendant was required to disclose all transfers of property made within two years of the bankruptcy filing which were outside the ordinary course of the defendant's business. The defendant initially indicated that he had no such transfers.

23. The plaintiff objects to the discharge of debtor pursuant to 11 U.S.C. § 727(a)(2)(A) and/or 11 U.S.C. § 727(a)(2)(B) on the grounds that the debtor concealed prior to filing and continued to conceal after the filing his transfer of his ownership interest in the property described above.

24. The defendant concealed the transfer of his ownership interests in real and personal property owned by him with the intent to hinder, delay or defraud the defendant's creditors.

25. In the alternative, concealed the transfer of his ownership interest in real and personal property with the intent to hinder, delay or defraud the trustee of the estate herein.

26. The discharge of defendant should be denied under 11 U.S.C. § 727(a)(2).

For a Third Cause of Action

27. The allegations contained in paragraphs 1 - 26 are incorporated herein.

28. On information and belief, plaintiff objects to the discharge of debtor pursuant to 11

U.S.C. § 727(a)(2)(A) on the grounds that during 2012, within one year of the date of the filing of the petition herein or subsequent to the bankruptcy filing, defendant transferred the assets of FHI & Construction, LLC into his name and claimed them as "tools of the trade" and, therefore, exempt from the claims of his creditors.

29.  The defendant's attempted re-characterization of a non-exempt asset to an exempt asset was done with the intent to hinder, delay or defraud the defendant's creditors.

30.  In the alternative, defendant's attempted re-characterization of a non-exempt asset to an exempt was done with the intent to hinder, delay or defraud the trustee of the estate herein.

31.  The discharge of defendant should be denied under 11 U.S.C. § 727(a)(2).

For a Fourth Cause of Action

32.  The allegations contained in paragraphs 1 – 31 are incorporated herein.

33.  Plaintiff objects to the discharge of the defendant pursuant to 11 U.S.C. § 727(a)(4) on the grounds that the defendant knowingly and fraudulently made false oaths in this case.

34.  Under penalty of perjury, defendant certified schedules filed herein were true and correct to the best of the defendant's knowledge, information and belief, when in truth and fact, as then defendant well knew, the schedules failed to accurately disclose property actually owned or transferred by him.

35.  As provided in 28 U.S.C. § 1746, such certifications had like force and effect as an oath.

31.  The debtor's discharge should be denied under 11 U.S.C. § 727(a)(4).

WHEREFORE, plaintiff prays that the discharge of this debtor from her debts be denied, and that plaintiff have such other and further relief as is just.

Dated: 8 April 2013                    JUDY A. ROBBINS
                                            United States Trustee for Region Four

                                     By: _*/s/ Margaret K. Garber*_

Margaret K. Garber (VSB No. 34412)
Office of the United States Trustee
210 First Street, Suite 505
Roanoke, Virginia 24011
(540) 857-2806